Curia, per
O’Neall, J.
In this case, the defendant was served with a copy of the writ of attachment, issued by the plaintiff against Judah Barrett, requiring him to appear at its return, and to state on oath what moneys, goods, chattels, debts, books of account, lands, leasehold estates and chattels real, of the absent debtor, were in his hands, power or possession. He accordingly made a return, denying that he had any (except in particulars not necessary to be noticed.) The plaintiff filed a suggestion, charging the said return to be “false,” and presented fifteen specifications against it. The first alleged that he had, at the suing out the attachment, 16 slaves belonging to the absent debtor. The 3d, 5th, 7th, 10th, 11th, 13th and 14th, make in substance the charge, that the 16 slaves were fraudulently conveyed by Judah Barrett to Jacob Cohen ; and of these, as well as the 1st, there was a general traverse and issue *461 joined. The verdict of the jury found that fifteen slaves, who are named therein, were fraudulently conveyed by Judah Barrett to Jacob Cohen ; that they were, before the lodgment of the writ of attachment, sold by the said Jacob for the sums which the jury in their verdict assessed as the value of the slaves, making an aggregate of $5700.
The question now presented is, whether this verdict can be enforced. The Act of the legislature (Act of 1744, sec. 1, 3 Stat. 618) inter alia provides, that if the garnishee should deny on oath, “ that he hath any moneys, goods, chattels, debts or books of account, belonging to the absent debtor,” and the creditor is not satisfied therewith, that then the garnishee shall be put to plead the same, and the matter shall be tried by a jury forthwith. In Martin vs. Parham, 1 Hill, 213, this provision received the consideration of the court, and it was held that the creditor’s dissatisfaction with the garnishee’s return, was properly expressed by a suggestion disputing its correctness ; upon which, an issue in law or fact may be made up and tried as other issues. In Smith vs. Posey, 2 Hill, 475, it is said, “ the only issue is, whether such return is true.” In the case in hand, the broad allegation was that the return was false, and the particulars set out were specifications of that charge. The finding of the jury in substance is that the return is false, inasmuch as Barrett had fraudulently conveyed to the garnishee the 15 slaves, and that he had sold them. To have justified the verdict, the jury must have been satisfied that in law the slaves were liable to pay the debt of the plaintiff. For if not, they could not have found the conveyance to be fraudulent. If the rights of creditors had not intervened, Barrett could have done what he pleased with his own. But when he was in debt, he could not convey, for a pretended consideration, or voluntarily, his property. The jury have, on the issue made, found that he did so convey, which made the property in the hands of the garnishee liable ; but that he had conveyed it away for the sum of $5700, before the' lodgment of the attachment. This sum, the proceeds of that which inlaw was liable to the plaintiff’s debt, is to be regarded as in his hands at that time, in place of the property ; and being *462 so, it as much falsifies his return, as if the jury had found he had the slaves. To this, it will not do for the garnishee now to say, true, the slaves were fraudulently conveyed to me, and I sold them; but I paid over the proceeds to Judah Barrett before the attachment issued. If that fact had been so, it should have been pleaded to the suggestion or proved on the trial of the issue. Not being so done, the garnishee cannot now set up such a pretence. In Wilbourne vs. Whitlow, 7 MSS. decis. 531, Columbia, the court held that the service of an attachment on any of the goods of the debtor in the hands of the garnishee, made all in his hands liable. So that here the attachment being well levied on other property, the proceeds of the sale of the negroes were also well attached.
The jury, on finding that the slaves had been fraudulently conveyed, and that the garnishee had sold them before the lodgment of the writ of attachment, did right to find the value of the slaves. In Wilbourne vs. Stead & Whitlow,* 7 MSS. decis. Columbia, 416, it was held that the specific chattels in the hands of the garnishee, and the respective value thereof, should be found. “So that if the property be not delivered, or cannot be found, the creditor may have execution for the value against the garnishee.” Here the garnishee put it out of his power to deliver the chattels, by selling them; hence, therefore, he is liable for the proceeds, and the creditor must have, in some way, execution against him, as by attachment for not obeying the order to pay the money into court, (if it should be disobeyed.)
The motion to reverse the decision of the judge below, is dismissed.
Richardson-, Evans, Butler and Frost, JJ. concurred.

 Appeal Court, July Term, 1836.

Elijah Wilbourne, assignee, vs. Thos. S. Stead, an absent debtor, and James M. Whitlow, the garnishee.

Curia, per O’Neall, J. On the 4th ground of tbe motion, (because the verdict of the jury was informal and void,) we think a new trial must be granted; and it is, hence, unnecessary to examine any of the other grounds.
The verdict upon the issue between the attaching creditor and the *467 garnishee was either for the plaintiff generally, or for a sum of money in his favor. Either was an erroneous finding. The Act of 1744, P. L. 188, directs that if the garnishee shall claim the goods attached, and deny the same to belong to the absent debtor, and the plaintiff shall not be satisfied with his claim or his denial, then the garnishee “ shall be put to plead the same, and the matter shall be tried by a jury forthwith, or at such other court and time as shall be appointed by the said justices; and the party that shall be cast in the same, shall pay to the prevailing party such reasonable cost and charges as shall be allowed and taxed by the chief justice aforesaid.”
The only issues which can be made up under the Act are :
1st. Does the property claimed by the garnishee belong to him, and not to the absent debtor ?
2d. Is the return of the garnishee true in the whole or only in part?
The verdict ought to correspond with the issue ; if it departs from it, a venire facias de novo is inevitable. For the issue made is undecided.
In the case now in hand, if the issue be regarded as that which first arises under the Act, the verdict does not decide it. For the plaintiff neither asserts nor has a claim of right to the property; the question of title is, it is true, made by him, but in making it, he sets up the title of the absent debtor, and denies that of the garnishee. A general or pecuniary finding for him, does not necessarily conclude the facts stated in the record. It is true, we may suppose that the jury intended to assert their truth; but there is nothing in the verdict which when read in connexion with the suggestion will shew that the jury have found the property to be that of the absent debtor.
If the issue be considered as the second arising under the Act, the verdict is contrary to the facts of the case, as well as informal.
In Westmorland vs. Tippens, 1 Bail. 514, the defendant, the garnishee, was in possession of a single slave, alleged to be the property of the absent debtor, and of a greater value than the amount of the plaintiff’s debt: the jury found for the plaintiff the amount of his debt; the finding was held to be erroneous, andso much ofthe verdictas found a specific sum, was rejected as surplussage, and the general finding for the plaintiff allowed to stand. If this case, like that, was for a single chattel, that precedent might justify us in pursuing the same course, and supporting this verdict. But here three slaves are in issue, to one of which the absent debtor has no title ; hence a general verdict, finding all three of the slaves to belong to the absent debtor, is contrary to the facts. A pecuniary finding for the plaintiff, is clearly informal and beyond the issue.
The proper finding in this case would be, of the specific goods in the hands of the garnishee, which the jury may be satisfied belong to the absent debtor, with the respective value thereof. This seems to be the settled practice under the Act of Pennsylvania, which is very like ours, and the construction upon whichvhas been often resorted to *468 as a light to assist us in reading correctly our own Act. (Serg. on Att. 27, 30.)
The first part of such a finding as that which I have suggested, is the only proper mode of disposing of the issue. The second part has not only the sanction of the practice in Pennsylvania, hut is, I think, a legitimate consequence resulting from our Act, construed in connection with the custom of London. In an attachment under that custom, in case of default by the garnishee, there is a judgment of appraisement of the goods. (Serg. on Att. 31.) Our Act, in that specific case, has made the garnishee liable for the plaintiff’s debt, without an appraisement. But the 3d section of the Act of 1744, P. L. 188, which provides for the delivery of the goods, chattels, debts and books of accompt attached, to the plaintiff on filing his declaration, directs that they shall be “inventoried and appraised by two or more persons, to be appointed by the court for that purpose.” This is a clear recognition of the custom of London, in a case where there is no dispute about the goods, and when they are to be delivered to the plaintiff After a verdict establishing the right to be in the debtor, the goods become applicable to the payment of the attaching creditor’s debt; and under the section just alluded to, he would be entitled to have them delivered to him ; and it would follow, that they should be inventoried and appraised by two or more persons, to be appointed by the court for that purpose. These words of the Act are very well satisfied if the appraisement be by the jury ; for the verdict is itself an inventory of the goods, and the value found will be an appraisement. Each of these acts will be done by two or more persons appointed by the court, when the jury do them by the direction of the court trying the case.
The reasons for such a finding as that which T have suggested, would, in a case of doubtful construction of a statute, well warrant the court in giving to it their sanction.
The garnishee, who may have, on a mistaken view of his rights, claimed the property, ought not to be punished beyond the penalty imposed by the Act, which is the payment of the costs of the prevailing party; he is therefore allowed to discharge himself by delivering up the property found to be that of the absent debtor. To enable him to do this, the verdict must find the specific goods. So, on the other hand, the garnishee ought not to be allowed to protect himself or defeat the creditor, by putting the property out of the reach of an execution; to prevent this, the value must be found, so as to enable the court, (when the property is not delivered, and cannot be found to satisfy the creditor’s execution,) on rule, to give the creditor an execution for its value against the garnishee,
The motion for a new trial is granted.
Desaitssure, Johnson, Harper and Johnston, CC. and Evans, Earle and Butler, JJ. concurred.